## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02407

ALANA MITCHELL;
JENELLE NANGAH;
D.A., a minor, by and through legal guardians Ava Ector and Terry Ector
as next friends;
K.Y, a minor, by and through parents Kayla Grayson-Yizar and Kris
Yizar as next friends; and,
KNOW JUSTICE KNOW PEACE; THE TAKE L.L.C., a Colorado
limited liability company,

        Plaintiffs,

v.

SCHOOL DISTRICT NO. 1 IN THE CITY AND COUNTY OF
DENVER AND STATE OF COLORADO d/b/a DENVER PUBLIC
SCHOOLS,

        Defendant.

## COMPLAINT

Plaintiffs Alana Mitchell, Jenelle Nangah, D.A., a minor by and through legal guardians Ava Ector and Terry Ector as next friends, K.Y., a minor, by and through parents Kayla Grayson-Yizar and Kris Yizar as next friends, NS Plaintiff Know Justice Know Peace; The Take L.L.C. submit this Complaint against School District No. 1 in the City and County of Denver and State of Colorado d/b/a Denver Public Schools and DPS.

### NATURE OF THE ACTION

1. Several Black honors students in the Denver Public School system—the Plaintiffs—did society proud after the tragic events involving George Floyd's murder in 2020.

They launched their own podcast to discuss the seemingly never-ending racial problems facing America.

2.  They named their podcast, KNOW JUSTICE KNOW PEACE on July 4, 2020.[i]

3.  The podcast was an instant hit and got the attention of the national news, including *The Today Show*.

4.  Then two years later, in August 2022, the Denver Public Schools (DPS) did the unthinkable and decided they would take these courageous and excelling Black students' podcast and their KNOW JUST KNOW PEACE name for their own, knowing full well the brand name was created by the students and that DPS had no right to it.

5.  This lawsuit seeks to correct DPS' wrongs.

6.  Plaintiffs' claim is based upon the Federal Declaratory Judgment Act (28 U.S.C. § 2201-02), the Lanham Act (15 U.S.C. § 1125), and trademark infringement under Colorado common law.

7.  Plaintiffs specifically seek an order declaring that Plaintiffs own the trademark and the colorable imitations of "KNOW JUSTICE KNOW PEACE" used in connection with their podcast.

8.  Plaintiffs also seek injunctive relief requiring DPS to withdraw its fraudulently filed trademark applications for Plaintiffs' mark, and prohibiting DPS from using Plaintiff's trademark or any other mark confusingly similar thereto.

## PARTIES

9.  Plaintiffs D.A. and K.Y. are current Denver Public School students and are citizens of Colorado.

10. Plaintiffs Alana Mitchell and Jenelle Nangah are former Denver Public School students and are citizens of Colorado.

11. Plaintiff Know Justice Know Peace; The Take L.L.C. is a Colorado limited liability company with its principal place of business in Aurora, Colorado.

12. Defendant Denver Public Schools is the public school system of Denver, Colorado.

## JURISDICTION AND VENUE

13. This action arises under the Federal Declaratory Judgment Act (28 U.S.C. § 2201-02), the Lanham Act (15 U.S.C. § 1125), and Colorado common law.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (original jurisdiction over trademark actions), 15 U.S.C. § 1121 (Lanham Act claim), and 28 U.S.C. § 1367 (supplemental jurisdiction over pendant state law claim).

15. This Court has personal jurisdiction over DPS because DPS conducts its business and is domiciled in Colorado.

16. Venue is appropriate in this district under 28 U.S.C. § 1391(b)(i) and (ii) because DPS resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## FACTS

17. In the wake of George Floyd's murder on May 25, 2020, Plaintiffs—black honors students attending Dr. Martin Luther King, Jr. Early College, a Denver Public School—created a concept for a racial justice podcast using the trademark KNOW JUSTICE KNOW PEACE.

18. Plaintiffs first used the trademark on a podcast on July 4, 2020 when they published their podcast for listeners on YouTube, Facebook, and Twitter.

19. Plaintiffs themselves created the concept and trademark KNOW JUSTICE KNOW PEACE in May, 2020.

20. Plaintiffs themselves funded the podcast.

21. Using their KNOW JUSTICE KNOW PEACE branded podcast, they raised $14,000 to purchase Black History books for students after DPS refused to provide funds for the books.

22. Plaintiffs were not employees of Denver Public Schools when they created the content and brand name; they were, or still are, high school students at Dr. Martin Luther King, Jr. Early College.

23. Plaintiffs never assigned their trademark rights or their podcast content to DPS.

24. Plaintiffs formed the Know Justice Know Peace; The Take L.L.C. in June 2022 for the purpose of continuing to run their KNOW JUSTICE KNOW PEACE branded podcast.

25. Despite Plaintiffs' creation and first use of the mark two years prior, in August 2022, DPS, using an out of state lawyer for good measure, filed two federal trademark applications (Serial Nos. 97539923 and 97553681) and one Colorado trademark application (No. 20221794847) to try and steal and then infringe Plaintiffs' trademark.

26. DPS also changed the passwords and took over all social media accounts related to KNOW JUSTICE KNOW PEACE.

27. DPS wasn't even good at hiding its unlawful scheme. DPS' trademark applications incorrectly stated that the date of the trademark's first use in commerce was June 21, 2020.

28. To add insult to injury, on August 29, 2022, the Deputy Superintendent of Denver Public Schools, Anthony Smith, hastily held a last-minute meeting with Plaintiffs and their parents to attempt to coerce and bully Plaintiffs into admitting that DPS owns the trademark.

29. Tellingly, DPS acknowledged at the meeting that had not even finalized their plans for use of the mark—further confirming this wasn't DPS' trademark to begin with.

30. Despite Smith's and others' ruthless attempts to get Plaintiffs to admit DPS owned the mark (questioning that brought the 17 to 19 year-olds to tears), the students did not waver. Plaintiffs at no time acknowledged DPS had any rights to their IP, nor did they relinquish their trademark rights to DPS.

31. The irony of DPS' attempts to steal and then use the KNOW JUSTICE KNOW PEACE trademark to run a racial justice podcast is that DPS has for years fallen way short on Black history, racial justice and education around these important issues. That their newly found and significantly tardy desire to address racial issues had to come in this form is a sad commentary on the state of DPS.

32. If all of this were not enough, when the students, through their undersigned lawyer, demanded that DPS back off of its unlawful trademark claims, DPS threatened the students in writing—that if they pursued this lawsuit DPS would demand they pay DPS' legal fees.

33. Shame on DPS.

## COUNT I
### Declaratory Judgment of Trademark Ownership
### (Federal Declaratory Judgment Act 28 U.S.C. § 2201-02)

34. Plaintiffs restate the foregoing paragraphs.

35. Plaintiffs created the concept of KNOW JUSTICE KNOW PEACE in May 2020 while they were students at DPS. No teacher or other personnel of DPS created the mark.

36. Plaintiffs first used KNOW JUSTICE KNOW PEACE in commerce on July 4, 2020 when they held and then published their podcast on YouTube, Facebook, and Twitter with the trademark as its title.

37. DPS filed trademark applications for KNOW JUSTICE KNOW PEACE in August 2022 without authorization by Plaintiffs and in spite of direct refusal by Plaintiffs to give up the trademark rights.

38. DPS has never owned the rights to KNOW JUSTICE KNOW PEACE and is not entitled to file trademark applications for Plaintiffs' mark.

39. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201-02 and Rule 57 of the Federal Rules of Civil Procedure that Plaintiffs own the KNOW JUSTICE KNOW PEACE trademarks and the varying versions thereof.

## COUNT II
### Trademark Infringement of Unregistered Mark
### (Lanham Act Section 43(a) (15 U.S.C. § 1125(a))

40. Plaintiffs restate the foregoing paragraphs.

41. Plaintiffs own the trademark KNOW JUSTICE KNOW PEACE and similar versions thereof and possess exclusive rights to the mark as its creators and first users that warrant protection under 15 U.S.C. § 1125(a).

42. DPS, in its filings, admit that it has either tried using or intends to use Plaintiff's trademark.

43. Any use of KNOW JUSTICE KNOW PEACE, a mark identical to Plaintiffs', by DPS is likely to cause confusion, deception, and mistake in the public by creating a false and misleading impression that DPS' activities under the mark originate from, are associated with, or have the approval of the Plaintiffs.

44. In filing for federal trademarks, DPS already knowingly made false representations about the ownership of the mark (under penalty of perjury in violation of 18 U.S.C. § 1621), and any future use of the mark would be a false representation of ownership in violation of Plaintiffs' rights under 15 U.S.C. § 1125(a), whether or not Plaintiffs register the mark. This is the epitome of willfulness.

45. Unless enjoined by this Court, DPS' use and registration of the trademark will cause a likelihood of confusion and deception of members of the public as well as injury to Plaintiffs, for which Plaintiffs have no completely adequate remedy at law.

46. DPS' actions were and continue to be intentional, willful, and malicious acts that are meant to trade on the goodwill and reputation associated with Plaintiffs' mark, to the detriment of the Plaintiffs.

47. Plaintiffs are entitled to injunctive relief to avoid substantial injury from Defendant's use of the trademark pursuant to 15 U.S.C. § 1116.

48. Plaintiffs are also entitled to attorneys' fees.

## COUNT III
## State Trademark Infringement
### (Colorado Common Law)

49. Plaintiffs restate the foregoing paragraphs.

50. DPS' use of KNOW JUSTICE KNOW PEACE and the corresponding false filing of a Colorado trademark application for KNOW JUSTICE KNOW PEACE infringes on Plaintiffs' exclusive rights as owners of the mark.

51. Any use of KNOW JUSTICE KNOW PEACE by DPS is likely to cause confusion, deception, and mistake in the public by creating a false and misleading impression that Defendant's activities under the mark originate from, are associated with, or have the approval of the Plaintiffs.

52. Unless enjoined by this Court, DPS use and corresponding registration of the trademark will cause a likelihood of confusion and deception of members of the public as well as injury to Plaintiffs, for which Plaintiffs have no completely adequate remedy at law.

53. DPS' wrongful conduct has been willful and deliberate or recklessly indifferent to the rights of Plaintiffs, warranting an award of punitive damages under Colorado common law.

54. DPS' use of Plaintiffs' mark infringes on the KNOW JUSTICE KNOW PEACE mark, entitling Plaintiffs to injunctive relief under Colorado common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court enter judgment in its favor:

1. Declaring that Plaintiffs own the trademark KNOW JUSTICE KNOW PEACE and all similar variations;

2. Ordering DPS to withdraw its federal trademark applications for KNOW JUSTICE KNOW PEACE (Serial Nos. 97539923 and 97553681) and;

3. Ordering DPS to withdraw its Colorado trademark application for KNOW JUSTICE KNOW PEACE (No. 20221794847).

4. Ordering DPS to permanently cease and desist from using the mark KNOW JUSTICE KNOW PEACE and all variations thereof.

5. Ordering DPS to transfer all social media accounts relating to KNOW JUSTICE KNOW PEACE to Plaintiffs.

6. Awarding nominal and punitive damages to Plaintiffs given the willful nature of DPS' actions.

7. Awarding DPS to pay all costs and attorneys' fees of Plaintiffs.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated: September 19, 2022              Respectfully Submitted,

By:      s/*Jeffrey H. Kass*
Jeffrey H. Kass, Reg. No. 44305
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Jeffrey.Kass@lewisbrisbois.com
303.861.7760
Attorney for Plaintiffs

---

[i] The original trademark created by the students was KNOW JUSTICE KNOW PEACE; DMLK'S THE TAKE and then KNOW JUSTICE KNOW PEACE; THE TAKE, but the common part of the mark KNOW JUSTICE KNOW PEACE has remained the same.